UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS J. LABELLA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2740** |
| **KENNER CITY, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendant Kenner City's ("Kenner") Motion to Dismiss Pursuant to Rule 12(b)(6),[1] wherein Kenner seeks the dismissal of all claims against Kenner and the Kenner Police Department with prejudice. After reviewing the motion, the memorandum in support, the opposition, the reply, the record, and the applicable law, the Court will grant the pending motion.

## I. Background

*A. Factual Background*

Plaintiff Thomas J. Labella ("Plaintiff") claims that "[o]n or about November 10, 2010, at approximately 8:00 p.m. [Plaintiff] was driving his 2003 Toyota motor vehicle on 1-10 westbound, in the left hand lane of traffic, at a point just west of the Loyola Blvd. exit" when the Kenner Police Department ("Police Department") signaled Plaintiff to bring his vehicle to a stop on the shoulder.[2] According to Plaintiff, an unidentified officer walked to the driver's side window and asked Plaintiff for his driver's license, registration, and proof of insurance. At this point, Plaintiff claims he informed the officer that he had several handguns in the cab of his pickup truck because he was in the process of moving and he was making his last trip.[3]

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 1-3 at ¶¶ 2-3.

[3] *Id.* at ¶ 4.

Plaintiff avers that the officer then ordered Plaintiff out of the car and to put his hands on the bed of the pick-up truck while the officer searched Plaintiff. For no apparent reason, Plaintiff states that although the officer did not find any illegal items, the officer handcuffed and arrested Plaintiff, who was then incarcerated at a facility on Williams Boulevard for approximately eight (8) hours.[4] Plaintiff states that he was falsely arrested and incarcerated and suffered injury due to the excessively tightened handcuffs the officer placed on him and is therefore entitled to compensation.[5]

## *B. Procedural Background*

Plaintiff filed this action on July 29, 2011 in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.[6] In the original petition, Plaintiff stated no particular law or statute under which he sought relief, and named only Kenner and the Police Department as defendants. However, in an answer to an interrogatory filed on October 19, 2011, Plaintiff stated that he believed that the actions of the deputies were in violation of 42 U.S.C. § 1983.[7] Upon this information, Kenner filed a notice of removal on October 3, 2011.[8] Kenner filed the pending motion to dismiss on October 1, 2012.[9] Plaintiff filed an opposition on October 17, 2012.[10] With leave of Court, Kenner filed a reply.[11]

---

[4] *Id.* at ¶ 5.

[5] *Id.* at ¶ 6.

[6] *Id.*

[7] Rec. Doc. 1-2 at p. 4.

[8] Rec. Doc. 1.

[9] Rec. Doc. 11.

[10] Rec. Doc. 13.

[11] Rec. Doc. 17.

**II. Parties' Arguments**

In support of the pending motion, Kenner first argues that the Police Department is not an entity that may be sued, and therefore Plaintiff has failed to state a claim upon which relief can be granted.[12] Kenner argues that the capacity to be sued is governed by state law, and Louisiana state law does not grant legal status to the Police Department to be sued.[13] As such, Kenner moves to have the Police Department dismissed with prejudice.

In addition, Kenner argues that the Section 1983 claims against the municipality must also be dismissed for failure to state a claim. Kenner contends that a Section 1983 claim cannot be sustained under a theory of *respondeat superior*, and in order to prove a public body's liability under Section 1983, a plaintiff must identify a policy maker and prove that an official policy or custom is the moving force of a violation of constitutional rights.[14] Kenner argues that a plaintiff has a "stringent burden" to prove that the alleged unconstitutional conduct was directly attributable to the municipality through some sort of official action, and that isolated unconstitutional actions by a municipal employee will not suffice.[15]

Kenner contends that Plaintiff has failed to identify a policy maker or allege that there is a city policy or custom that caused the alleged violations; moreover, Plaintiff does not allege a failure to train on the part of Kenner, which would be an actionable claim against a municipality under Section 1983: "Not only does the petition lack any such allegation(s), but in fact in deposition

---

[12] Rec. Doc. 11-1 at p. 3.

[13] *Id.* at pp. 3-4 (citing *Boice-Durant v. Kenner Police Dep't*, No. 12-603, 2012 WL 2680820 (E.D. La. July 6, 2012)).

[14] *Id.* (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).

[15] *Id.* at p. 5 (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

[Plaintiff] maintains specifically that he is neither alleging a City policy or custom caused the alleged violations nor is he alleging that the City failed to train its officers."[16] As such, Kenner claims that Plaintiff's action should be dismissed "as it is frivolous and fails to state a claim for which relief can be granted."[17]

In opposition, Plaintiff first concedes that the Police Department is not an entity that may be sued: "[Plaintiff's] undersigned counsel agrees with defense counsel that the Kenner Police Department is an entity not capable of suing or being sued and therefore there is an insurmountable bar to relief and the motion to dismiss should be granted."[18] As this aspect of the pending motion is undisputed, the Court will dismiss the Police Department as a defendant.

Concerning the claims against Kenner, Plaintiff requests that if the Court agrees with Kenner's contention, which Plaintiff does not dispute, that there is no Section 1983 liability for municipalities under a theory of *respondeat superior*[19] that:

> [P]lainiff should be given time to amend his original pleadings to allege the identity of the police officer, and the fact that it is not a policy of the City of Kenner or the Kenner Police Department to arrest an [sic] imprison people wrongfully without probable cause, or to use excessive force causing injury, and that any of these offenses constitute a violation of Constitutional rights. [Plaintiff] submits that his original Petition (Exhibit A) clearly seeks relief under appropriate state law. The gravamen of his complaint is straight forward."[20]

---

[16] *Id.* at p. 6 (citing Ex. I at p. 49).

[17] *Id.*

[18] Rec. Doc. 13 at p. 3.

[19] Later in the opposition, Plaintiff states that "[t]here is no vicarious liability under § 1983 for the alleged torts of municipalities's [sic] agents." *Id.* at p. 5.

[20] *Id.* at p. 4.

4

Therefore, Plaintiff "submits that this Court has options that include acceptance of jurisdiction to hear [Plaintiff's] State claims, or remand to State court for litigation of [Plaintiff's] State based claims."[21]

In reply, Kenner opposes Plaintiff's request for leave to file an amended pleading, claiming that such a request is "both untimely and futile."[22] Kenner argues that the deadline to amend pleadings was April 20, 2012, and Plaintiff has offered no explanation for his delay in seeking such an amendment, and therefore has not shown good cause. Kenner stresses that this alleged event occurred over two years ago, and that even if Plaintiff did not know the identity of the officers at that time, written discovery responses were made available to Plaintiff by September 21, 2011, well before the April 20, 2012 deadline to file amendments to pleadings.[23] Moreover, Kenner argues that such an amendment would be "futile" because Section 1983 claims adopt the forum state's personal injury statute of limitations, which is one year in Louisiana.[24] Finally, Kenner contends that adding a new defendant at this late date should not be allowed.[25]

### III. Law and Analysis

Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded facts as true, viewing them in the light most

---

[21] *Id.* at p. 5.

[22] Rec. Doc. 17 at p. 2.

[23] *Id.* at p. 2.

[24] *Id.* (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Elzy v. Roberson,* 868 F.2d 793, 794 (5th Cir. 1989)).

[25] *Id.*

5

favorable to the plaintiff.[26] To survive a motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[27]

First, Plaintiff concedes that the pending motion should be granted as to the Police Department. With regard to Kenner, Plaintiff also admits that "[t]here is no vicarious liability under § 1983 for the alleged torts of a municipalities's [sic] agents."[28] Under the doctrine of *respondeat superior*, an employer is held responsible for the actions of its employee who commits a tort within the course and scope of his employment.[29] The United States Supreme Court has recognized that "[r]*espondeat superior* or vicarious liability will not attach under § 1983. It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983."[30] Plaintiff has expressly stated that he does not accuse Kenner or the Police Department of such action.[31]

Plaintiff acknowledges the potential errors in the petition, and in opposition to the pending motion informally requests leave to amend in order to identify the specific officers he claims are responsible for the constitutional violations he suffered. Although Plaintiff has requested leave to amend in opposition to the pending motion, Plaintiff has failed to formally bring such a motion, and therefore a request to amend the complaint is not properly before this Court. In addition, the Fifth

---

[26] *In re Katrina Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[27] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[28] Rec. Doc. 13 at p. 5.

[29] *See Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995).

[30] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (internal quotations and citations omitted).

[31] *See* Rec. Doc. 13 at p. 4 ("[P]laintiff should be given time to amend his original pleadings to allege the identity of the officer, and the fact that it is not the policy of the City of Kenner or the Kenner Police Department to arrest an [sic] imprison people wrongfully without probable cause."); *see also* Rec. Doc. 11-2 ("I think the City of Kenner has some of the highest trained officers out there.") (deposition of Plaintiff).

Circuit has also held that leave to amend should be denied when after amendment the complaint still would not survive a Rule 12(b)(6) motion to dismiss.[32] While this issue is not properly before this Court, and has not been fully briefed, binding Fifth Circuit precedent casts significant doubt on the viability of Plaintiff's proposed amendment.

In *Jacobsen v. Osborne*,[33] the plaintiff brought a Section 1983 claim against one named officer and one officer referred to as "John Doe," because Plaintiff did not know his identity.[34] Over two years after the alleged incident and five months after the court-ordered deadline to amend pleadings, the plaintiff moved to amend the pleadings to add the correct defendants.[35] Plaintiff had mistakenly named the transporting, instead of the arresting officer, because an answer to an interrogatory incorrectly listed the transporting officer as the arresting officer. The plaintiff also sought to amend the complaint to add the actual identity of the "John Doe" officer, which he became aware of after discovery. The district court denied the motion to amend on the grounds that it was "futile," reasoning that the claims against the newly proposed defendants were now time-barred.[36]

The Fifth Circuit reversed in part and affirmed in part, holding that an amendment relates back to the original complaint under Rule 15(c) when (1) the basic claim arose out of the conduct set forth in the original proceeding; (2) the party brought in received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for the mistake concerning identity, the action would have been brought against it; and (4) the second and

---

[32] *Landavazo v. Toro Co.*, 301 Fed. App'x. 333, 337 (5th Cir. 2008).

[33] 133 F.3d 315 (5th Cir. 1998).

[34] *Id.* at 317.

[35] *Id.*

[36] *Id.* at 318.

7

third requirements were fulfilled within 120 days following filing of the complaint, or longer if good cause is shown.[37] However, the court held that an amendment to change a party name will only relate back when the change is the result of an error, "such as a misnomer or misidentification."[38] The Fifth Circuit adopted the approach followed by First and Second Circuits that a plaintiff's failure to name individual officers because he does not know their identity does not constitute a "mistake" that will allow relation back.[39] Therefore, the Fifth Circuit found that an amendment would relate back for the misidentified arresting officer, but not the previously unknown "John Doe" officer. The court explained that the "John Doe" officer was not omitted because of a mistake or misidentification, and therefore "the Rule does not allow relation back to the filing of the original complaint."[40]

In *Miller v. Mancuso*,[41] the Fifth Circuit expounded on the standard in *Jacobsen* and held that "failing to identify individual defendants cannot be characterized as a mistake," for purposes of relating back under Rule 15(c).[42] Here, Plaintiff's original petition, refers to an "unidentified officer."[43] If this issue were properly before the Court, it would likely analogize the phrase "unidentified officer" to the unknown "John Doe" officer in *Jacobsen*, and employ the reasoning applied by the Fifth Circuit in that case when it affirmed part of the district court's denial of leave to amend because amendment would have been futile.

---

[37] *Id.* at 319-20.

[38] *Id.* at 320.

[39] *Id.* at 321.

[40] *Id.* at 321-22.

[41] 388 Fed. App'x. 389 (5th Cir. 2010).

[42] *Id.* at 391.

[43] Rec. Doc. 1-3 at ¶ 5.

As indicated earlier, there is no motion to amend pending before the Court at this time, and therefore all issues relating to amendment have not been fully briefed. Accordingly, the Court will not rule on this issue. However, in considering the motion to dismiss that is before this Court, all parties agree that Plaintiff's claims against Kenner and the Police Department fail as a matter of law. Therefore, the Court will grant the pending motion and dismiss all claims with prejudice.

## IV. Conclusion

Plaintiff does not dispute that the Police Department is incapable of being sued and that Kenner, as a matter of law and applying the undisputed facts in this case, may not be liable under a theory of *respondeat superior* for the actions of officers under Section 1983. While in opposition to the pending motion Plaintiff argues that leave to amend his petition to add new defendants would cure the defect in the original petition, such a motion has not been brought before the Court, and therefore an opportunity to brief has not been afforded to all parties. Accordingly, there being no defendants left in this matter,

**IT IS HEREBY ORDERED** that Kenner's Motion to Dismiss[44] is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 14th day of January, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[44] Rec. Doc. 11.